UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                              Case No. 18-13295-AJC
JACKSON PIERRE, JR.                                 Chapter 13
         Debtor
_____/

**EXPEDITED MOTION TO DETERMINE THE AUTOMATIC STAY IS NOT IN EFFECT OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM THE AUTOMATIC STAY, WAIVER OF THE 14 DAY STAY AND EMERGENCY HEARING REQUESTED**

(Basis for emergency: Debtor has filed a Motion for Contempt against Movant in the state court action, which is scheduled to be heard on May 8, 2020, at 8:45AM)

Movant, JEAN-FRANCOIS CHIDIAC ("Movant"), through counsel, hereby files this Motion to Determine the Automatic stay is not in Effect pursuant to § 11 U.S.C. 362(c)(j) or in the Alternative Motion for Relief from the Automatic Stay and Waiver of the 14 day stay pursuant to 11 U.S.C. § 11 U.S.C. 362d), Rule 4001 of the Federal Rules of Bankruptcy Procedure and Local Rule 4001-1, and Local Rule 2002-4 and in support, Movant states as follow:

### PROCEDURAL BACKGROUND

1.      On August 23, 2017, Debtor JACKSON PIERRE, JR ("Debtor") filed his first voluntary Chapter 13 bankruptcy petition Case No. 17-20632-RAM. (the "2017 Bankruptcy Petition").

2.      On December 22, 2017, an Order Granting Trustee's request for Order Dismissing Case Upon Denial of Confirmation was entered. [ECF 35].

3.      On February 16, 2018, Debtor filed a motion to shorten the 180-day prejudice period, in order to allow Debtor to file a second bankruptcy petition within 90 days from Debtor's

prior bankruptcy dismissal [ECF 52]. That motion was conditionally granted [ECF 57]. The Order imposed the following condition:

> 5. As a condition to the filing of a new case, Debtor shall make a good faith payment of $3,000.00 to the Lender, Posner Investments, Inc., to be applied toward the outstanding arrearages due and owing to the Lender. 6. Once the payment is made to the office of undersigned counsel, and prior to the filing of the new case, Debtor shall file a Notice of Compliance to make this Honorable Court and the Lender aware of the payment. [Id. at 2].

4. There is no record that Debtor paid Posner Investments, Inc. the $3,000.00 as required and conditioned under paragraph 5, nor is there any filing on the docket of the 2017 Bankruptcy Petition reflecting that such payment was made, as required in paragraph 6.

5. On March 22, 2018, exactly three months after the dismissal of the 2017 Bankruptcy Petition, Debtor filed a second voluntary Chapter 13 bankruptcy petition initiating the present case, (the "Second Petition").

6. Debtor's Motion to Extend the Automatic Stay was filed on March 22, 2018 [D.E. 10]. However, there is no record that a hearing was held nor is there an order extending the automatic stay filed on the docket.

7. On March 23, 2018, the clerk entered the following entry: "Clerk's Evidence of Repeat Filings for debtor PIERRE, JACKSON, JR. Case Number 17-20632, Chapter 13 filed in Florida Southern on 08/23/2017 was Dismissed on 12/22/2017."

8. On September 6, 2019, Debtor, and his non-filing spouse entered into a contract for sale and purchase of real property with Movant, located at 111 NW 33rd Street, Miami, FL 33127. More fully described as:

> **25 53 41, Wynwood Park PB 5-23, LOT 23 BLK 11, Lot Size 50.000 x 100, COC 25259-3136 12 2006 1, according to the plat thereof, of the Public Records of Miami-Dade County, Florida.**

9. The parties were scheduled to close on December 2, 2019. Debtor breached the contract by refusing to close, and on February 27, 2020, Movant filed a suit in Miami-Dade Circuit Court to enforce the contract (the "State Court Action") [Case # 2020-004573-CA-01]. A copy of the Complaint is hereby attached as "Exhibit A."

10. On January 22, 2020, this Court dismissed the Second Filing due to Debtor's non-compliance [ECF 85]. It is unclear how Debtor defaulted under the Plan, as there is an Agreed Wage Deduction Order. [ECF 24].

11. On February 27, 2020, the same day Movant filed the State Court Action, an Order Reinstating this case was entered. [ECF 90].

12. On March 25, 2020, Debtor filed a motion to dismiss the State Court Action, falsely alleging that the automatic stay of the Second Petition is still in effect. A copy of Debtor's Motion to Dismiss is hereby attached as "Exhibit B."

13. On March 30, 2020, Debtor filed a motion for contempt in the State Court Action, against Movant, again falsely alleging that the automatic stay of the Second Petition is in effect. A copy of the Motion for Contempt is hereby attached as "Exhibit C."

**MEMORANDUM OF LAW AND ARGUMENT**

14. Debtor is abusing the bankruptcy proceedings by using it as a shield from a post-petition breach of contract and as a sword by filing contempt motions against Movant in the State Court Action. The matters are scheduled for May 8, 2020 in the state court proceeding, were filed by Debtor. As such, Movant requires waiver of the 14 day stay. Additionally, Movant alleges that the Debtor no longer resides at the subject property. Debtor's neighbors advised the process server that Debtor moved from the subject property and there are tenants currently residing at the property. A copy of the process server's affidavit is hereby attached as "Exhibit D."

15. The Court should grant Movant's for Relief from the Automatic Stay, if one exists, for numerous reasons. As an initial matter, Debtor is a repeat filer whose automatic stay expired for failing to extend the stay pursuant to 11 U.S.C. §362(c)(3)(A).  Even if Debtor was entitled to such a stay, the automatic stay does not apply to Movant's State Court Action as **it accrued post-petition**. This chapter 13 was filed on March 22, 2018, and Debtor entered into the agreement on September 6, 2019 and breached the agreement on December 2, 2019. Therefore, the State Court Action is outside the scope of the stay established in 11 U.S.C. § 362(a)(1). Nevertheless, if this Court finds that the stay does apply:

### I. The Stay Expired After 30 Days Because Debtor is a Repeat Filer.

16. Pursuant to 11 U.S.C. § 362(c)(3)(A) "if a...case is filed by…a debtor…under chapter…13, and…was pending within the preceding 1-year period but was dismissed,…the stay...shall terminate...on the 30th day after the filing of the latter case." In *In re Radson,* 462 B.R. 911, 913 (Bankr. S.D. Fla. 2011), the process was described as follows:

> The automatic stay is only effective for the first thirty days of the debtor's second bankruptcy case when the first case was pending and dismissed within the previous year. To continue the stay beyond that initial 30–day period, a debtor must: (1) file a motion for continuation; (2) there must be notice and a hearing on debtor's motion; (3) the hearing must be completed within thirty days of the date of the petition; and (4) debtor must prove that the filing of the new case is in good faith. If the notice and hearing are not completed within this 30–day period, the automatic stay terminates by operation of law.
> *Id.* (internal quotation and citation omitted)

17. In the present case, the automatic stay does not apply to the State Court Action because it accrued after the commencement of this action. Nevertheless, even if it did not accrue after the commencement of this proceeding, the exception provided in 11 U.S.C. § 362(c)(3)(A) applies, because prior to the March 22, 2018 filing, and within one year thereof, the 2017 Bankruptcy Petition was dismissed, making Debtor a repeat filer. Although Debtor in this action

filed a Motion to Extend the Stay, no hearing was held on that motion within the first thirty days, nor did debtor prove by any means that the current case was filed in good faith. Therefore, the § 362(a)(1) stay terminated by operation of law on April 22, 2018.

### II. The Stay Does Not Apply to the State Court Action Because It Accrued Post-Petition.

18. Pursuant to 11 U.S.C. § 362(a)(1), the filing of a bankruptcy proceeding creates an automatic stay for all "action[s] or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." There are multiple tests available to determine whether a claim accrued pre-petition or post-petition, ranging from Accrued State Law Claim Theory, Conduct Test Theory, or Prepetition Relationship Theory. *In re Piper Aircraft Corp.*, 162 B.R. 619, 624 (Bankr. S.D. Fla. 1994), aff'd, 168 B.R. 434 (S.D. Fla. 1994), *aff'd as modified sub nom. Epstein v. Official Comm. of Unsecured Creditors of Estate of Piper Aircraft Corp.*, 58 F.3d 1573 (11th Cir. 1995).

19. In the present case it is clear that the State Court Action for enforcement of specific performance on real property, neither commenced, nor could have commenced, under any test, prior to the Second Filing. The contract for sale was signed September 6, 2019, and the breach occurred on December 2, 2019, when Debtor refused to close. Thus, neither the relationship between the Debtor and Movant, nor the Debtor's breach of contract accrued before the filing date of March 22, 2018, and therefore, the State Court Action is not subject to any automatic stay in these proceedings.

### III. Movant is Entitled to Relief from Stay

20. In the event that this Court finds the stay valid, and applicable to the State Court Action, Movant seeks, in the alternative, relief from the automatic stay, pursuant to § 362(d)(1) of the Bankruptcy Code.

21. 11 U.S.C. § 362(d)(1) provides that "the court shall grant relief from the stay…for cause." "Whether cause exists to lift the stay must be determined on a case by case basis based upon the totality of the circumstances in each particular case. The totality of the circumstances includes how the parties have conducted themselves, the debtor's motives and whether the debtor has acted in good faith" *In re Lamelas*, 12-26067-AJC, 2013 WL 324028, at *2 (Bankr. S.D. Fla. Jan. 28, 2013) (Crystol, J.). Additionally, when an action is filed in state court, and the cause of action is based on state law that can be timely adjudicated, the bankruptcy court will allow the state action to proceed, because "[t]here can be little argument that [State] Court is a more appropriate forum for deciding a [State cause of] action than the Bankruptcy Court of the Southern District of Florida." *In re: Morgan*, 09-16188-BKC-AJC, 2010 WL 1417325, at *2 (Bankr. S.D. Fla. Apr. 7, 2010)(Crystol, J.).

22. Bankruptcy courts have repeatedly found that a debtor's bankruptcy filing on the eve of a creditor action, for the sole purpose of imposing an automatic stay, to be done in bad faith, and therefore sufficient cause to lift such stay. *Matter of Seaspire, Inc.*, 56 B.R. 159, 161 (Bankr. M.D. Fla. 1985), on reh'g, 57 B.R. 168 (Bankr. M.D. Fla. 1986)(bankruptcy filing on the eve of a scheduled foreclosure sale "to have been filed in bad faith, therefore, there is 'cause' for lifting the automatic stay")(citing *In re Albany Partner*, 749 F.2d 670 (11th Cir.1984); In re Yukon Enterprises, 39 B.R. 919 (Bankr.C.D.Cal.1984); *In re Victory Construction Company*, 9 B.R. 549 (Bankr.C.D.Cal.1981)). Furthermore, the State Court Action for specific performance is a State cause of action and is more suited to be timely adjudicated in State Court.

23. Additionally, courts have found that when a debtor refiles a bankruptcy proceeding in less than 180 days, such filing is done in **bad faith**. *In re Cody*, 297 B.R. 906, 908-9 (Bankr. M.D. Fla. 2003)(when first filing was dismissed on December 17, 2002 and was refiled on March 24, 2003 granted relief from stay because "the filing of the [second] petition within 180 days of the [first] Dismissal constitutes bad faith and is cause for relief from the automatic stay").

24. In the present case, even if the Court finds the stay valid, the Court should look at Debtor's motives and underlying course of conduct to determine that its bankruptcy filings were done in bad faith, and warrant sufficient cause to grant Movant relief from such stay. This is further portrayed by the fact that the Debtor filed two successive bankruptcy petitions, both of which have been dismissed for failure to provide a valid plan, or failure to comply with the bankruptcy court's orders.

25. Additionally, the 2018 Bankruptcy Petition was filed in direct violation of the conditions imposed by the court, namely the filing of notice of payment "prior to the filing of the new case." Such bad faith by itself is sufficient "cause" to grant relief from an automatic stay. *In re Cody*, 297 B.R. at 909.

WHEREFORE, Movant respectfully requests this Court confirm the automatic stay is not in effect, or in the alternative grant Movant relief from the automatic stay, waive the 14-day stay period imposed by Fed. R. Bankr. P. Rule 4001(a)(3), award attorney fees and costs, and any further relief as this Court may deem just and proper.

## CERTIFICATION OF LOCAL RULE 9075-I

Debtor has filed a Motion for Contempt against Movant in the State Court Action, which is scheduled to be heard on May 8, 2020, at 8:45AM.

        Submitted by:
        /s/ Rachamin Cohen
        Rachamin "Rocky" Cohen, Esq.
        Attorney for Debtor
        Florida Bar No. 96305
        Cohen Legal Services, PA
        12 SE 7th Street, Suite 805
        Fort Lauderdale, FL 33301
        Telephone: 305-570-2326
        Email: Rocky@lawcls.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing this 24th day of April 2020 on the parties listed below.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

        Submitted by:
        /s/ Rachamin Cohen
        Rachamin "Rocky" Cohen, Esq.
        Attorney for Debtor
        Florida Bar No. 96305
        Cohen Legal Services, PA
        12 SE 7th Street, Suite 805
        Fort Lauderdale, FL 33301
        Telephone: 305-570-2326
        Email: Rocky@lawcls.com

**VIA USPS**

Jackson Pierre, Jr.
113 NW 33rd Street
Miami, FL 33127

Chad Van Horn
330 N Andrews Ave #450
Fort Lauderdale, FL 33301